<hr />

### FRANK v. WM. P. MOCKRIDGE MANUF'G CO.

(Circuit Court of Appeals, Third Circuit.   May 3, 1895.)

#### No. 18.

INFRINGEMENT OF PATENTS—CUFF FASTENER.
    The Frank patent, No. 397,119, for an improvement in cuff fasteners, 'n
    view of the prior state of the art, and of the fact that the improved form
    is described in the claims by letters of reference to the drawings, and of

the further fact that in the second claim such description was inserted by amendment after the rejection of a descriptive word, *held* to be limited to the specific form of hook therein described, and therefore not infringed by defendant's fastener. 65 Fed. 521, affirmed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit in equity by Henry C. Frank against the William P. Mockridge Manufacturing Company for infringement of a patent for cuff fasteners. The circuit court dismissed the bill on the ground that there was no infringement. 65 Fed. 521. Complainant appeals.

W. P. Preble, for appellant.
L. H. Scott, for appellee.

Before DALLAS, Circuit Judge, and WALES and BUFFINGTON, District Judges.

BUFFINGTON, District Judge. This is an appeal by Henry C. Frank from a decree of the circuit court of the United States for the district of New Jersey, dismissing a bill filed by him against the William P. Mockridge Manufacturing Company. The prayer of the bill was to restrain the alleged infringement of the claims of letters patent No. 397,119, issued February 5, 1889, to complainant, for an improvement in cuff fasteners. Two defenses—noninfringement and lack of patentable novelty—were raised. Conceding the patentability of the device in question, of which it had some well-founded doubts, the court below decided that in view of the prior art, and the self-imposed limitations of the claims in the patent-office proceedings, those claims should be confined to the form of hook therein specified, and that, when so construed, infringement was not shown. The questions in the case were confined to a comparatively narrow limit, and the court below considered them in detail so fully, and its very careful and exhaustive opinion is so satisfactory and self-sustaining, that it would be a needless repetition to restate the reasoning and authorities which inevitably lead to the conclusion therein reached. We therefore adopt its opinion as fully expressing the views of this court. The appeal is dismissed, and the decree entered is affirmed.